# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Case No. 17-42026-KHS |
| Eric Michael Dobrava, | Chapter 7 |
| Debtor. | |
| Helmet Nyanti, | |
| Plaintiff, | |
| vs. | Adversary No. 17-04146 |
| Eric Michael Dobrava, | |
| Defendant. | |

## DEFENDANT'S ANSWER TO ADVERSARY COMPLAINT

Defendant Eric Michael Dobrava, for his Answer to the Plaintiff's Adversary Complaint, states and alleges as follows:

1. Defendant admits the allegations contained in paragraph 1 of the Plaintiff's Adversary Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Adversary Complaint.

3. Defendant admits that portion of paragraph 3 of the Plaintiff's Adversary Complaint that Plaintiff occupied the rental property located at 11323 Florida Avenue North, Champlin, Minnesota 55313 in December of 2016. Defendant denies that there was an oral rental agreement between Defendant and his wife Tamey R. Dobrava with Plaintiff. Defendant admits that Plaintiff paid $1,650.00 to Defendant. However, when Plaintiff paid the $1,650.00 to Defendant, Plaintiff lied and misrepresented the source of the funds. Plaintiff falsely told the Defendant the $1,650.00 was rent being paid by George Greene. At this time, George Greene did in fact have a valid rental agreement for the above-described Champlin, Minnesota house owned by Defendant. However, George Greene had moved out of the house in July of 2017 and had stopped paying rent. Plaintiff further lied to Defendant by telling him that she was George Greene's niece and that she needed to take

care of him. The truth is that Plaintiff had moved into the house in the late summer of 2017 without ever even talking to Defendant or his wife. The Plaintiff had moved into the house after George Greene had moved out of the house and the house was unoccupied. George Greene never gave Plaintiff permission to move into the house. Plaintiff had moved into the house without any legal right to do so, and was in fact an illegal "squatter." In fact, the Plaintiff had used her own funds to pay the $1,650.00 and was fraudulently attempting to convince Defendant that she was a legitimate tenant of the property. At the time that the Defendant accepted the $1,650.00 from Plaintiff, the Plaintiff lied to the Defendant and said the $1,650.00 was George Greene's July 2017 rent payment.

4. Defendant denies the allegation in paragraph 4 of the Plaintiff's Adversary Complaint that his wife Tamey Dobrava represented she would give Plaintiff a written lease. Defendant denies that his wife Tamey Dobrava ever canceled a meeting with the Plaintiff to sign a lease agreement.

5. Defendant admits those portions of paragraph 5 that state Plaintiff asked Defendant and his wife Tamey Dobrava for a written lease and that Defendant and his wife refused to provide a written lease to Plaintiff. Defendant refused to give Plaintiff a receipt for the $1,650.00 because Plaintiff had no right to receive a receipt. Defendant did send George Greene a receipt for the $1,650.00 because Defendant understood that the $1,650.00 was George Greene's July 2017 rent payment.

6. Defendant admits the allegations contained in paragraph 6 of the Plaintiff's Adversary Complaint.

7. Defendant admits that portion of paragraph 7 which states that the locks on the house were changed. In fact, the locks were changed by a security company hired by the bank that had started foreclosure proceedings against the house because Defendant had not paid any mortgage payments for several months after George Greene stopped paying his monthly rental payments. Defendant admits that for a few hours after the locks were changed the Plaintiff was not able to enter the house. When the Defendant found out that the Plaintiff still had some of her possessions in the house, the Defendant and his wife allowed the Plaintiff to enter the house to retrieve her belongings.

8. Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Adversary Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Plaintiff's Adversary Complaint except the Defendant asserts that his actions against Plaintiff were not unlawful or unreasonable.

10. Defendant admits the allegations contained in paragraphs 10, 11, 12, and 13 of the Plaintiff's Adversary Complaint.

11. Defendant denies the allegations contained in paragraphs 14, 15, and 16 of the Plaintiff's Adversary Complaint.

12. Defendant affirmatively alleges that Plaintiff's Adversary Complaint fails to state a claim upon which relief may be granted.

13. Defendant affirmatively alleges that Plaintiff has failed to mitigate her alleged damages.

14. Defendant affirmatively alleges that Plaintiff's alleged damages were caused by her own unlawful conduct in moving into Plaintiff's house without any legal right to do so.

15. Defendant affirmatively alleges that Plaintiff's alleged damages were caused by the acts or omissions of other entities or individuals over whom this answering Defendant has no control or right to control, and for whom this answering Defendant has no responsibility.

16. Defendant affirmatively alleges that Plaintiff's alleged damages were due to circumstances beyond this Defendant's control or right of control.

17. Defendant affirmatively alleges that Plaintiff's claims in this matter are barred by the doctrine of unclean hands.

18. At the Hennepin County District Court hearing in Court Case No. 27-CV-HC-17-875 held on February 23, 2017, Defendant appeared pro se without an attorney. At the hearing, Plaintiff was present and was represented by attorney Rebecca Huting. The Defendant offered very little evidence and called no witnesses. The Defendant now realizes that at the hearing he did not effectively present his evidence to the court and he did not effectively object to the presentation by the Plaintiff of her evidence. The Defendant now believes, based upon the facts of the case, that had he properly and completely presented his evidence, the court would not have found that he acted in bad faith toward the Plaintiff.

WHEREFORE, Defendant Eric Michael Dobrava requests that the court determine that his actions against the Plaintiff were not willful and malicious and that his debts owing to the Plaintiff are dischargeable under 11 U.S.C. § 523.

Dated: January 3, 2018                                  Halvorson, Langemo & Paschke


                                                        By *s/ Charles E. Paschke*
                                                        Charles E. Paschke (8427X)
                                                        Charles@wrightcountylaw.com
                                                        P.O. Box 189
                                                        Howard Lake, MN 55349
                                                        (320) 543-3411
                                                        ATTORNEY FOR DEFENDANT
                                                        ERIC MICHAEL DOBRAVA